# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| SHAWN DALLAS OWEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-106-HSM-DCP |
| | ) | |
| KNOX COUNTY DETENTION FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Now before the Court is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 2]. On June 12, 2018, the Court ordered Respondent to answer or otherwise respond to the petition within thirty days [Doc. 8]. On July 5, 2018, the Court docketed Petitioner's motion to stay this action to allow him to exhaust his state court remedies [Doc. 9].[1] On July 12, 2018, Respondent filed a motion to dismiss the petition due to Petitioner's failure to exhaust his state court remedies [Doc. 10]. Petitioner did not file a response to this motion and the time for doing so has passed. E.D. Tenn. L.R. 7.1. As such, Petitioner has waived any opposition thereto. E.D. Tenn. L.R. 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd* 577 F.2d 740 (6th Cir. 1978). Also, on July 19, 2019, Respondent filed a response in opposition to Petitioner's motion to stay [Doc. 14]. As both Petitioner's motion to stay [Doc. 9] and Respondent's motion to dismiss [Doc. 10] address substantively related issues, the Court will address these motions together.

---

[1] This filing is undated and it is therefore unclear when Petitioner filed it by placing it in the hands of prison officials for mailing under the prisoner mailbox rule. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

First, in his motion to stay, Petitioner requests that the Court hold this matter in abeyance so that he may exhaust his state-court remedies by pursuing a petition for post-conviction relief that he has filed in state court and for which he has been appointed counsel who is preparing an amended petition [Doc. 9 p. 1]. In its motion to dismiss, however, Respondent seeks to dismiss this matter due to Petitioner's failure to exhaust his claims in state court [Doc. 10]. Also, in its response in opposition to the motion to stay, Respondent asserts that Petitioner has not shown good cause as required to establish that he is entitled to stay and abeyance of this matter [Doc. 14].

A federal court has the discretion to stay and hold a habeas corpus petition in abeyance to allow a petitioner to exhaust his claims in the state court, but only if the petitioner shows good cause for failing to exhaust his claims prior to filing his habeas corpus petition. *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (providing that "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"); *Hickey v. Hoffner*, 701 F. App'x 422, 426–27 (6th Cir June 30, 2017) (providing that a 2254 petitioner who can show good cause for failing to exhaust all of his claims prior to filing a habeas petition may be entitled to stay of his petition).

In its response in opposition to the motion to stay, Respondent notes that Petitioner pled guilty to the charges underlying his habeas petition on March 13, 2017, that the state court docketed Petitioner's pro se petition for post-conviction relief for those convictions on March 6, 2018, and that Petitioner filed his habeas petition in this Court by submitting it to the prison mailroom on March 8, 2018 [Doc. 14 p. 4]. Accordingly, Respondent asserts that Petitioner's statement in his motion to stay that he had not heard back from the state court about his post-conviction petition at the time he filed the instant § 2254 petition is not good cause to excuse Petitioner's failure to

2

exhaust his state court remedies, as Petitioner did not give the state court a legitimate opportunity to provide a remedy to the post-conviction petition [*Id.*].

The Court is cognizant, however, that, as Petitioner waited nearly a year after his underlying convictions became final to file his state court petition for post-conviction relief, a significant portion of the year-long statute of limitations for Petitioner to file a § 2254 petition regarding those convictions also passed. Specifically, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to all applications seeking a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The statute generally begins to run "[t]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, where a Tennessee petitioner did not pursue a direct appeal, his state court conviction is deemed "final" upon the expiration of the thirty-day time-period during which he could have commenced a direct appeal. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)). The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . ," however. 28 U.S.C. § 2244(d)(2).

If the Court assumes that Petitioner did not file an appeal of his convictions, accepts as true Respondent's undisputed assertions regarding the timing of Petitioner's convictions and the filing of his post-conviction petition, and applies the above-cited rules, approximately three-hundred and twenty-eight days of Petitioner's AEDPA one-year statute of limitation for his § 2254 petition ran before Petitioner filed his state court petition for post-conviction relief on March 6, 2018. Thus, if the Court dismisses Petitioner's § 2254 petition due to Petitioner's failure to exhaust his state court remedies, Petitioner will have approximately thirty-seven days after a final state court

3

judgment on a properly filed application for state post-conviction or other collateral relief to file a timely federal petition for habeas relief.

The Supreme Court has considered this specific concern regarding federal habeas petitions containing claims that the petitioner did not exhaust in state court, however, and still found that a district court may not stay a § 2254 petition asserting such claims unless the petitioner shows good cause for failing to exhaust his claims prior to filing his § 2254 petition. Specifically, in *Rhines*, the Court noted that where a habeas petitioner comes to a federal court with unexhausted claims close to the end of the one-year AEDPA limitations period, the petitioner's chances to exhaust those claims in state court and refile in federal court before the statute of limitations passes are slim. *Rhines*, 544 U.S. 275–76. The Court still held, however, that such a petitioner must establish good cause to be entitled to a stay. *Id.* at 277 (noting that "[s]taying a federal habeas petition frustrates the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also . . . decreases a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition"). The *Rhines* Court also opined that a federal court granting a stay should place reasonably brief limits on the petitioner's time to return to federal court, specifically citing a thirty-day limit. *Id.* at 278.

Liberally construing the filings in favor of Petitioner, nothing supports finding that Petitioner has established good cause to excuse his failure to exhaust his state court remedies prior to filing this action. The state court docketed Petitioner's state court petition for post-conviction relief only two days before Petitioner filed his § 2254 petition with this Court. While the Court is aware that a petitioner's reasonable confusion about the timeliness of a state filing may be good cause to allow him to file a "'protective'" habeas petition in federal court, *see Pace v. DiGuglielmo*,

4

544 U.S. 408, 416 (2005), Petitioner has set forth nothing to suggest that he was reasonably confused about whether his state court petition was timely.

Further, it is apparent that, by the time Petitioner filed his motion to stay, the state court had appointed Petitioner counsel for his post-conviction petition and that this counsel was pursuing the motion on Petitioner's behalf [Doc. 9 p. 1]. Moreover, as set forth above, Petitioner will have approximately thirty-seven days after a final state court judgment on a properly filed application for state post-conviction or other collateral relief to file a timely federal petition for habeas relief, which is more than the thirty-day-limit contemplated in *Rhines* for a petitioner in a stayed habeas matter to return to federal court.

Accordingly, for the reasons set forth above, Petitioner's motion to stay [Doc. 9] will be **DENIED**, Respondent's motion to dismiss [Doc. 10] will be **GRANTED**, and this matter will be **DISMISSED without prejudice** due to Petitioner's failure to exhaust his state court remedies.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate the Court's findings that that Petitioner did not exhaust his state court remedies prior to filing his petition for habeas

corpus relief and that Petitioner has not established good cause for his failure to do so. Accordingly, a **COA SHALL NOT ISSUE.**

    **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    **ENTER:**

                                  */s/ Harry S. Mattice, Jr.*
                                HARRY S. MATTICE, JR.
                          UNITED STATES DISTRICT JUDGE